**Hugh D. ZIEGLER, Petitioner–Appellant,**

v.

**DIRECTOR OF REVENUE, STATE of Missouri, Respondent–Respondent.**

**No. SD 30694.**

Missouri Court of Appeals,
Southern District,
Division One.

May 16, 2012.

Carl M. Ward, Washington, MO, for Appellant.

Chris Koster (Atty. Gen.), John W. Grantham, Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Hugh D. Ziegler ("Appellant") brings an appeal from a judgment suspending his driving privileges for driving with a blood alcohol content equal to or exceeding .08%

alcohol by weight. Appellant brings one point on appeal: that the trial court erred in admitting the blood alcohol test results because the blood was not drawn in strict compliance with section 577.029.[1] We find no error and affirm the judgment.

The facts of the arrest and the subsequent blood test are not in dispute. The court admitted into evidence various records, including the laboratory report which indicated that Appellant had a blood alcohol content of 0.203% by weight and a blood specimen transmittal slip that was completed on the day of the arrest and was signed by the paramedic who drew Appellant's blood. That transmittal slip stated:

> In accordance with the provisions of section 577.029, RSMo, at the place of my employment and at the request and direction of a law enforcement officer, I withdrew blood from the subject above [Appellant], for the purpose of determining the alcohol content of the blood, *using good faith medical judgment and in strict accord with my training and accepted medical practices* that such procedure did not endanger the life or health of the person. *A nonalcoholic antiseptic was used for cleansing the skin prior to venapuncture* .... The blood was withdrawn into a clean and dry sterile vessel by means of a previously unused and sterile needle and was sealed with an air-tight inert stopper.

(emphasis added.)

Section 577.029 provides:

> A licensed physician, registered nurse, or trained medical technician at the place of his employment, acting at the request and direction of the law enforcement officer, shall withdraw blood for the purpose of determining the alcohol content of the blood, unless such medical personnel, in his good faith medical judgment, believes such procedure would endanger the life or health of the person in custody. Blood may be withdrawn only by such medical personnel, but such restriction shall not apply to the taking of a breath test, a saliva specimen, or a urine specimen. In withdrawing blood for the purpose of determining the alcohol content thereof, only a previously unused and sterile needle and sterile vessel shall be utilized and the withdrawal shall otherwise be *in strict accord with accepted medical practices.* Upon the request of the person who is tested, full information concerning the test taken at the direction of the law enforcement officer shall be made available to him.[ [2]]

(emphasis added).

The police officer testified at trial that he did not know whether the paramedic used "water prep or Betadine" to cleanse Appellant's skin before the blood test. The paramedic also testified at trial that he did not know whether the kit he used contained "water prep or Betadine." He testified, as follows, that the medically accepted practice for drawing blood would be to use either Betadine *or some other antiseptic* to cleanse the skin prior to drawing blood:

> [Appellant's Counsel]: They didn't teach you to pour water on the arm and clean it off or swab it off with a cotton ball; is that correct?
>
> [Paramedic]: That's correct.
>
> [Appellant's Counsel]: That is not an antiseptic. That doesn't clean the skin?

---

**1.** All references to statutes are to RSMo Cum. Supp.2008, unless otherwise specified.

**2.** The 2007 amendment of section 577.029 omitted the sentence: "A nonalcoholic antiseptic shall be used for cleansing the skin prior to venapuncture."

[Paramedic]: Right.

[Appellant's Counsel]: So again, medically accepted practice for drawing blood would be to use either Betadine or some other antiseptic, whatever it is, to cleanse the skin; is that correct?

[Paramedic]: Yes.

Appellant claims that the blood was not drawn in strict accordance with accepted medical practices because the police officer and the paramedic testified that they did not know whether the paramedic used "water prep or Betadine" to cleanse the skin prior to venapuncture. Appellant's argument makes the leap that not knowing whether "water prep or Betadine" was used is the equivalent of proving that the test was not done in strict accordance with accepted medical practices. Appellant's contention has no merit. There is no evidence that either "water prep or Betadine" do not meet a standard of accepted medical practices. To accept that contention, we must conclude that a "water prep" is not an antiseptic. In fact, there was no evidence about the specifics of either test.

Appellant's argument that the previously stated testimony by the paramedic was an admission that use of a water prep kit would not constitute use of an antiseptic, and, therefore, was not in strict accordance with accepted medical practices, misses the mark. There was simply no evidence that using "water prep" was the equivalent of using a "non-antiseptic." We have no evidence before us that water cannot be used as a base in an antiseptic solution. The trial court can accept or reject all, part, or none of the testimony of any witness. *Findley v. Dir. of Revenue,* 204 S.W.3d 722, 725 (Mo.App. S.D.2006). What was introduced into evidence is the transmittal slip signed by the paramedic which stated

that the test was done in strict accordance with the paramedic's training and accepted medical practices and that a nonalcoholic antiseptic was used for cleansing the skin.[3] The blood alcohol test was properly admitted. There was, therefore, competent, substantial evidence that the blood was drawn in accordance with medically accepted practices as required by section 577.029. As such, there is substantial evidence to support the judgment. Appellant's point is denied.

The judgment is affirmed.

BURRELL, P.J., and LYNCH, J., concur.

---

**3.** To the extent that Appellant is making an argument that there was no proper "foundation" for the admission of the blood alcohol test results, we simply note section 302.312.2 provides such records "shall be admissible in evidence in all courts of this state."